IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN SUTTON, *et al.*          :   CIVIL ACTION
                               :
                               :
     v.                        :
                               :
JONES LANG LASALLE, INC. *et al.*  :   NO. 05-261

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                          October 28, 2005

Plaintiffs, the Suttons, are a husband, wife, and daughter (who was a minor at the time of the events in question, and is now an adult). The complaint (which apparently was filed *pro se*, but which counsel never attempted to amend) alleges that Plaintiffs suffer from multiple chemical sensitivities, and that Defendants, their former landlord (and related entities), sprayed pesticides near their apartment, harassed them, evicted them, and wrongfully obtained a judgment against them.

There is a tortured litigation history between the Suttons and Defendants in the Chester County Court of Common Pleas relating to the Suttons' tenancy. In January, 2002, an arbitration panel issued an award in Defendants' favor for $27,443.58. The Suttons were denied leave to appeal *in forma pauperis*, and no appeal was pursued. For some reason, judgment was not entered on the award until July, 2005. Plaintiffs moved out of the apartment sometime during the month of January, 2002.

Defendants have moved for summary judgment and Plaintiffs have moved to compel responses to discovery and to postpone a decision on the summary judgment motion.  The motion to compel will be denied; the relevant documents have been produced, and the evidence sought does not bear on the motion for summary judgment.

The motion for summary judgment will be granted.  The claims relating to the Fair Housing Act (Counts I, II, III, and IX) are time-barred.  Under the Act, Plaintiffs had two years to file suit, excluding the time during which an administrative proceeding was pending.  42 U.S.C. § 3613.  Plaintiffs left the complex by January 31, 2002.  They filed their first administrative complaint on February 28, 2002, and withdrew it on March 7, 2002.  They filed a second administrative complaint on April 22, 2002, and a third on May 9, 2002.  The second complaint was withdrawn on August 16, 2002, and the third complaint was closed either on August 21, 2002 or in mid-September, 2002.  This case was filed on August 20, 2004.  The limitations period was not tolled during the two months that no administrative complaint was pending, and the complaint is untimely.  Because the statute does not exempt minors from the limitations period, the claims of Danielle Sutton are also barred.  See Sherwood v. Finch, 2000 Westlaw 1862562 (D. Or. Dec. 20, 2000).

With regard to the claim that Defendants fraudulently

misrepresented who owned and managed the property (Count IV), Defendants have produced evidence that the ownership of the property was set forth in state court pleadings in 2001, so that any claim relating to the alleged misrepresentation is time-barred as to the parents, and because Danielle Sutton was not a party to the lease, she cannot assert a claim for misrepresentation.  In addition, there is no evidence that any such misrepresentations caused any compensable harm to Plaintiffs.

Plaintiffs alleged in their complaint a claim under the Fair Debt Collection Practices Act (Count V).  In their response, Plaintiffs do not dispute that they cannot prevail under that statute, but argue that their claims are cognizable under the Fair Credit Reporting Act.  The complaint does not mention the latter statute, but even if it had, Plaintiffs have not produced evidence sufficient to establish a claim.  They have attached one page from a credit report which lists the judgments under "public records."  There is no indication on the face of the report that Defendants provided this information to the credit agencies, and there is no evidence from Plaintiffs that they requested from the credit agencies the source of the information.  It would be impermissible speculation for a fact-finder to conclude that the information came from Defendants.

The remaining claims require little discussion. "Under

3

Pennsylvania law, expert medical evidence must be presented before a plaintiff can recover for intentional infliction of emotional distress." <u>Bolden v. Southeastern Pennsylvania Trans. Auth.</u>, 21 F.3d 29, 35 (3d Cir. 1994).  There is no such medical evidence in this case to support Count VI.  The claim for malicious prosecution (Count VII) cannot succeed because Plaintiffs did not prevail in the state-court litigation.  <u>Harris v. Brill</u>, 844 A.2d 567, 571 (Pa. Super. Ct. 2004).  Plaintiffs in their opposition assert an unpleaded claim of abuse of process, but there is insufficient evidence from which a fact-finder could conclude that Defendants did anything more than "carry out the process to its authorized conclusion, even though with [as Plaintiffs contend] bad intentions.'" <u>Di Sante v. Russ Financial Co.</u>, 380 A.2d 439, 441 (Pa. Super. Ct. 1977) (quoting Prosser, Torts, § 100, at 669 (2d ed. 1955)).

    Finally, the First Amendment claim (Count VIII) is without merit.  Plaintiffs allege that the State of Alaska owns one of the Defendant entities through something called the "Alaska Permanent Fund."  There is no evidence that it is a creature of the State of Alaska, and Defendants have averred in answers to interrogatories that the State of Alaska has no direct ownership or interest in any of the defendant entities.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN SUTTON, *et al.* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JONES LANG LASALLE, INC. et al. | : | NO. 05-261 |

**O R D E R**

AND NOW, this 28th day of October, 2005, upon consideration of Plaintiffs' Motion to Compel, and the response thereto, and Defendants' Motion for Summary Judgment, and the response thereto,

IT is hereby ORDERED that:

1. The Motion to Compel is DENIED.

2. The Motion for Summary Judgment is GRANTED. JUDGMENT is GRANTED IN FAVOR OF Defendants, JONES LANG LASALLE, INC., LASALLE INVESTMENT MANAGEMENT, INC., 100 TREETOPS LANE INVESTMENT GROUP, LLC, and EQR/LINCOLN LIMITED PARTNERSHIP and AGAINST Plaintiffs, JOHN SUTTON, FAIL SUTTON, and DANIELLE SUTTON.

3. The Clerk is directed to mark the case CLOSED.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.